# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

*Plaintiff*,

- and -

BRYANT ROUSSEAU,

*Proposed Intervenor-Plaintiff*,

v.

THE NEW YORK TIMES
COMPANY,

*Defendant*.

Case No. 1:26-cv-3704-GHW-RFT

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR INTERVENTION

**TABLE OF CONTENTS**

Table of Authorities ...................................................................................................................ii

Introduction ..............................................................................................................................1

Background.................................................................................................................................1

Argument ...................................................................................................................................2

    I.    Rousseau's motion is timely. ............................................................................2

    II.   Rousseau can intervene as of right.....................................................................4

        A.    Rousseau has a statutory right to intervene under Title VII. ...............4

        B.    Rousseau satisfies intervention as of right for his related claims. ........5

    III.   At minimum, the Court should grant permissive intervention. ......................7

Conclusion.................................................................................................................................8

Certification of Compliance......................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Bautista v. PR Gramercy Square Condo.*,
642 F. Supp. 3d 411 (S.D.N.Y. 2022) ........................................................................7

*Bldg. & Realty Inst. of Westchester & Putnam Ctys. v. New York*,
2020 WL 5658703 (S.D.N.Y. Sept. 23).....................................................................3

*Brennan v. N.Y.C. Bd. of Educ.*,
260 F.3d 123 (2d Cir. 2001) .........................................................................................5

*Chen-Oster v. Goldman, Sachs & Co.*,
2015 WL 4619663 (S.D.N.Y. Aug. 3) .......................................................................4

*Eddystone Rail Co. v. Jamex Transfer Servs.*,
289 F. Supp. 3d 582 (S.D.N.Y. 2018) .................................................................. 3, 4

*EEOC v. Coley's No. 101*,
2012 WL 2856512 (N.D. Ala. July 9) .........................................................................8

*EEOC v. Com. Coating Serv.*,
220 F.R.D. 300 (S.D. Tex. 2004) ...............................................................................8

*EEOC v. Die Fliedermaus*,
77 F. Supp. 2d 460 (S.D.N.Y. 1999)...........................................................................5

*EEOC v. Disc. Auto Parts*,
2025 WL 1640851 (S.D. Fla. May 22) ........................................................................4

*EEOC v. Gentiva Health Servs.*,
2020 WL 9595123 (N.D. Ga. Dec. 14)........................................................................7

*EEOC v. Glacier Nw.*,
2007 WL 3129651 (W.D. Wash. Oct. 23) ..................................................................8

*EEOC v. JBS USA*,
2011 WL 2693489 (D. Colo. July 12).........................................................................4

*EEOC v. Lehi Roller Mills*,
2012 WL 380140 (D. Utah Feb. 3)..............................................................................7

*EEOC v. Loc. 638*,
2003 WL 21767772 (S.D.N.Y. July 30).......................................................................6

*EEOC v. Mavis Disc. Tire*,
2013 WL 5434155 (S.D.N.Y. Sept. 30).......................................................................2

*EEOC v. Merrill Lynch & Co.*,
2007 WL 2846361 (S.D.N.Y. Sept. 26)......................................................................2

*EEOC v. Onsite Sols.*,
2016 WL 6783252 (W.D. Okla. Nov. 16).................................................................5

*EEOC v. PC Iron*,
2017 WL 3783905 (S.D. Cal. Aug. 31)......................................................................7

*EEOC v. PJ Utah*,
822 F.3d 536 (10th Cir. 2016).....................................................................................5

*EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*,
273 F. Supp. 2d 260 (E.D.N.Y. 2003)......................................................................5

*EEOC v. Rockdale Grocery*,
2018 WL 11674783 (N.D. Ga. Sept. 19) ..................................................................4

*EEOC v. Sappington Garden Shop*,
2006 WL 2382392 (E.D. Mo. Aug. 17)......................................................................6

*EEOC v. Trinity Prods.*,
2009 WL 3242005 (E.D. Mo. Oct. 5) ........................................................................7

*EEOC v. Vamco Sheet Metals*,
2014 WL 2619812 (S.D.N.Y. June 5).........................................................................5

*EEOC v. Waffle House*,
534 U.S. 279 (2002).......................................................................................................3

*EEOC v. Wellpath LLC*,
2021 WL 4096556 (W.D. Tex. Mar. 15) ...................................................................7

*EEOC v. WirelessComm*,
2012 WL 1711040 (N.D. Cal. May 15) ......................................................................8

*EEOC v. Woodmen of the World Life Ins. Soc'y*,
479 F.3d 561 (8th Cir. 2007)........................................................................................3

*First Data Merch. Servs. v. MM Dev.*,
2020 WL 2215457 (S.D.N.Y. May 6) .........................................................................3

*Golden Ins. Co. v. PCF State Restorations*,
2018 WL 10593630 (S.D.N.Y. May 11) .....................................................................6

*McKinney v. Morgan Stanley*,
2025 WL 2089369 (S.D.N.Y. July 25)........................................................................3

*N.Y. Pub. Int. Rsch. Grp. v. Regents of Univ. of State of N.Y.*,
    516 F.2d 350 (2d Cir. 1975) ........................................................................................6

*Oneida Indian Nation of Wis. v. New York*,
    732 F.2d 261 (2d Cir. 1984) ........................................................................................6

*Samaan v. N.Y.C.*,
    2023 WL 2499263 (S.D.N.Y. Mar. 14) ......................................................................7

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528 (1972) .....................................................................................................6

*United States v. N.Y.C. Hous. Auth.*,
    326 F.R.D. 411 (S.D.N.Y. 2018) ................................................................................6

*Utah Ass'n of Ctys. v. Clinton*,
    255 F.3d 1246 (10th Cir. 2001) ..................................................................................3

**Statutes**

42 U.S.C. §2000e-5(f)(1) .....................................................................................................5

**Rules**

Fed. R. Civ. P. 24(a) ...........................................................................................................2

Fed. R. Civ. P. 24(a)(1).......................................................................................................4

Fed. R. Civ. P. 24(a)(2).......................................................................................................4

Fed. R. Civ. P. 24(b)(1) .......................................................................................................2

Fed. R. Civ. P. 24(b)(1)(B)..................................................................................................7

## INTRODUCTION

When the EEOC sues, the individual who filed the precipitating charge has the right to intervene. Bryant Rousseau, a senior staff editor at the New York Times, filed the charge that precipitated the EEOC's lawsuit here. He moves to intervene as a plaintiff and assert claims under Title VII, 42 U.S.C. §1981, and New York state and city law. Rousseau has an unconditional statutory right to intervene under Title VII. And Rule 24 lets him bring his related claims under §1981 and New York law. This Court should grant his motion to intervene as a plaintiff.

## BACKGROUND

Bryant Rousseau has worked as an editor at the Times since 2014. A white male, Rousseau had no path for advancement. A significantly less qualified multiracial black woman was hired over him, consistent with the Times's stated race- and sex-based goals. *See generally* Proposed Compl. in Intervention.

In June 2025, Rousseau filed a charge of discrimination with the EEOC, claiming that the Times unlawfully discriminated against him based on race and sex in refusing to promote him. After investigating and finding reasonable cause to believe the alleged discrimination occurred, the EEOC commenced this action, asserting violations of Title VII. *See generally* EEOC-Compl. (Doc.1).

Rousseau now moves to intervene as a plaintiff. As set forth in his proposed complaint, he has claims under Title VII, 42 U.S.C. §1981, the New York State Human Rights Law, and the New York City Human Rights Law. Those claims focus on the

1

Times's decision not to promote him for the role of real-estate deputy editor in April 2025. Rousseau seeks relief beyond that sought by the EEOC, including uncapped compensatory and punitive damages.

## ARGUMENT

Rousseau timely seeks intervention, shortly after the EEOC sued and before the Times has responded to the complaint. Rousseau has an unconditional statutory right to intervene to assert his Title VII claims. Rousseau also can intervene as of right to assert his claims under §1981, the NYSHRL, and the NYCHRL, since his interest in vindicating his rights under these laws are not represented by the EEOC and could be impaired by an adverse ruling in this action. At minimum, Rousseau can intervene permissively to assert his additional claims because they share common questions of law and fact with the Title VII claims.

### I.  Rousseau's motion is timely.

A motion to intervene, whether as of right or permissively, must be "timely." Fed. R. Civ. P. 24(a), (b)(1). The timeliness of Rousseau's motion is beyond dispute.

Rousseau moved promptly, just 10 days after the EEOC sued. *See, e.g.*, *EEOC v. Merrill Lynch & Co.*, 2007 WL 2846361, at *1 (S.D.N.Y. Sept. 26) (finding intervention timely where motion was filed less than two months after complaint). The Times has not yet responded to the complaint, and discovery has not commenced. *See, e.g.*, *EEOC v. Mavis Disc. Tire*, 2013 WL 5434155, at *4 (S.D.N.Y. Sept. 30) (finding intervention timely where "the action was less than three months old, discovery had not yet begun,

2

and Defendants had only recently filed their answer"). Courts routinely find intervention motions filed at such an early stage timely. *See, e.g., Bldg. & Realty Inst. of Westchester & Putnam Ctys. v. New York*, 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23) (collecting cases).

Intervention will not prejudice the existing parties. This factor "measures prejudice caused by the intervenors' delay—not by the intervention itself." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001). It "encompasses the basic fairness notion that intervention should not work a last minute disruption of painstaking work by the parties and the court." *Eddystone Rail Co. v. Jamex Transfer Servs.*, 289 F. Supp. 3d 582, 592 (S.D.N.Y. 2018). There can be no prejudice here because the proceedings are at their infancy. *See, e.g., First Data Merch. Servs. v. MM Dev.*, 2020 WL 2215457, at *2 (S.D.N.Y. May 6) (finding no prejudice to existing parties where the "litigation remains in its early stages").

Rousseau, however, will be prejudiced if intervention is denied. Because the EEOC sued, Rousseau is statutorily barred from bringing a separate federal cause of action under Title VII. *EEOC v. Waffle House*, 534 U.S. 279, 291 (2002); *accord EEOC v. Woodmen of the World Life Ins. Soc'y*, 479 F.3d 561, 568 (8th Cir. 2007). Thus, denying intervention "would deprive [Rousseau] of the opportunity to be heard." *McKinney v. Morgan Stanley*, 2025 WL 2089369, at *4 (S.D.N.Y. July 25). And the EEOC may not adequately represent Rousseau's interests. *See infra* II.B. In addition, Rousseau seeks to assert additional claims under §1981 and New York state and city law. Forcing Rousseau

3

to file a separate lawsuit to assert these claims could raise issues of preclusion, waste party (and judicial) resources, and risk conflicting outcomes. *See, e.g.*, *EEOC v. Disc. Auto Parts*, 2025 WL 1640851, at \*3 (S.D. Fla. May 22); *EEOC v. JBS USA*, 2011 WL 2693489, at \*2 (D. Colo. July 12); *Chen-Oster v. Goldman, Sachs & Co.*, 2015 WL 4619663, at \*10 (S.D.N.Y. Aug. 3).

Finally, no unusual circumstances militate against a finding of timeliness. *Eddystone Rail*, 289 F. Supp. 3d at 592; *EEOC v. Rockdale Grocery*, 2018 WL 11674783, at \*2 (N.D. Ga. Sept. 19). Rousseau's motion is timely.

## II. Rousseau can intervene as of right.

Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who" either "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2). Title VII gives Rousseau an unconditional right to intervene, and Rousseau can also intervene as of right to assert his additional claims.

### A. Rousseau has a statutory right to intervene under Title VII.

Rousseau has "an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Title VII provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." 42 U.S.C. §2000e-

4

5(f)(1). Under this provision, an "aggrieved person" is "a person who has filed a charge with the EEOC." *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 263 (E.D.N.Y. 2003). This provision "unambiguously gives employees an unconditional right to intervene in EEOC enforcement actions." *EEOC v. PJ Utah*, 822 F.3d 536, 540 (10th Cir. 2016). Thus, "Title VII grants the right to intervene to any individual whose initial EEOC complaint triggers an EEOC enforcement action." *EEOC v. Vamco Sheet Metals*, 2014 WL 2619812, at *3 (S.D.N.Y. June 5). Because Rousseau filed a charge with the EEOC and the EEOC sued on it, *see* EEOC-Compl. ¶¶7-13, Rousseau has "has an unconditional right to intervene in this action with regard to h[is] Title VII claims." *Rappaport*, 273 F. Supp. 2d at 263; *see also, e.g.*, *EEOC v. Die Fliedermaus*, 77 F. Supp. 2d 460, 469 (S.D.N.Y. 1999) ("where the EEOC has elected to bring suit, plaintiffs have the statutory right to intervene").

### B. Rousseau satisfies intervention as of right for his related claims.

Rousseau independently establishes intervention as of right for all his claims, including his claims under §1981 and New York law. Rousseau satisfies each element of Rule 24(a)(2).

**Interest**: Rousseau has an interest in vindicating his rights under §1981, the NYSHRL, and the NYCHRL. This interest is "direct, substantial, and legally protectable" and thus "cognizable under Rule 24(a)(2)." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001); *see EEOC v. Onsite Sols.*, 2016 WL 6783252, at *2 (W.D. Okla. Nov. 16) (holding employee's "right to make and enforce contracts pursuant to 42

U.S.C. §1981" satisfied Rule 24(a)(2)). An employee like Rousseau has a cognizable "interest in the resolution of claims that [h]e suffered [unlawful discrimination] at h[is] place of employment." *EEOC v. Sappington Garden Shop*, 2006 WL 2382392, at *1 (E.D. Mo. Aug. 17); *see, e.g.*, *EEOC v. Loc. 638*, 2003 WL 21767772, at *1 (S.D.N.Y. July 30).

**Impairment**: Disposition of this action may, as a practical matter, impair Rousseau's ability to protect his interests. A judgment of this Court against the EEOC—for example, finding the Times did not unlawfully discriminate, or accepting an affirmative defense of the Times—could leave Rousseau "'waging an uphill battle' in obtaining favorable rulings in subsequent litigation" against the Times. *Golden Ins. Co. v. PCF State Restorations*, 2018 WL 10593630, at *6 (S.D.N.Y. May 11). Possible collateral estoppel or "the possible stare decisis effect of an adverse decision" suffices to warrant his intervention as of right. *N.Y. Pub. Int. Rsch. Grp. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975); *see United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 416-17 & n.2 (S.D.N.Y. 2018) (finding interests could be impaired from "preclusive effect" of "unfavorable disposition"); *accord Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265-66 (2d Cir. 1984).

**Inadequate Representation**: Rousseau's interests are not adequately represented by the EEOC. Rousseau's burden on this prong is "minimal"; he need only show "that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Here, the EEOC will not adequately represent Rousseau's interests because it is empowered to prosecute claims only under Title VII.

6

While "the EEOC is entrusted with the obligation to assert the public interest with respect to violations of Title VII," Rousseau "is interested in exercising h[is] rights under all available statutory remedies." *EEOC v. Trinity Prods.*, 2009 WL 3242005, at *1 (E.D. Mo. Oct. 5). This divergence alone "satisfies h[is] burden of showing adequacy." *EEOC v. PC Iron*, 2017 WL 3783905, at *3 (S.D. Cal. Aug. 31). As does the fact that "the EEOC represents the interests of the EEOC and the public rather than the individual plaintiff." *EEOC v. Gentiva Health Servs.*, 2020 WL 9595123, at *2 (N.D. Ga. Dec. 14); *see EEOC v. Lehi Roller Mills*, 2012 WL 380140, at *2 (D. Utah Feb. 3) (observing possible "conflicts" between employee's interests and "EEOC's public interest commitment").

## III.    At minimum, the Court should grant permissive intervention.

Rule 24(b) lets courts "permit anyone to intervene who … has a claim … that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rousseau's claims all share common questions of both law and fact. Similar legal standards apply to employment discrimination claims under Title VII, §1981, NYSHRL, and NYCHRL. *E.g.*, *Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 424 (S.D.N.Y. 2022) (collecting cases); *Samaan v. N.Y.C.*, 2023 WL 2499263, at *12 (S.D.N.Y. Mar. 14). And Rousseau's claims all arise from the same discriminatory acts. Rousseau undoubtedly "shares a common question of law or fact in this case, given that [h]e was the victim of Defendant's alleged discrimination." *EEOC v. Wellpath LLC*, 2021 WL 4096556, at *2 (W.D. Tex. Mar. 15). Thus, in actions brought by the EEOC,

courts routinely grant permissive intervention (if not intervention as of right) to aggrieved employees to assert claims beyond Title VII. *See, e.g.*, *EEOC v. Com. Coating Serv.*, 220 F.R.D. 300, 302 (S.D. Tex. 2004) (§1981 and state claims); *EEOC v. WirelessComm*, 2012 WL 1711040, at *2 (N.D. Cal. May 15) (state claims); *EEOC v. Coley's No. 101*, 2012 WL 2856512, at *6 (N.D. Ala. July 9) (state claims); *see also EEOC v. Glacier Nw.*, 2007 WL 3129651, at *2 (W.D. Wash. Oct. 23) (granting permissive intervention for employee to assert Title VII and state-law claims where EEOC sued under Equal Pay Act).

## CONCLUSION

The Court should grant the motion for intervention.


Dated: May 15, 2026                       Respectfully submitted,

                                          */s/ Daniel M. Vitagliano*

                                          Cameron T. Norris*
                                          Daniel M. Vitagliano†
                                              SDNY Bar No. 5856703
                                          CONSOVOY MCCARTHY PLLC
                                          1600 Wilson Blvd., Ste. 700
                                          Arlington, VA 22209
                                          703-243-9423
                                          cam@consovoymccarthy.com
                                          dvitagliano@consovoymccarthy.com

                                          *Counsel for Bryant Rousseau*

                                          * Pro hac vice application forthcoming
                                          † Supervised by principals of the firm
                                          admitted to practice in VA

9

## CERTIFICATION OF COMPLIANCE

Per Local Civil Rule 7.1(c), this memorandum of law was prepared using Microsoft Word. According to Word, the memorandum's total number of words (excluding the caption, table of contents, table of authorities, signature block, and this certification) is 1,961.

Dated: May 15, 2026                    */s/ Daniel M. Vitagliano*