| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>- and –<br><br>BRYANT ROUSSEAU,<br><br>      Intervenor-Plaintiff,<br><br>   v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>      Defendant. | 26 Civ. 03704<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF INTERVENOR-PLAINTIFF** |

Defendant The New York Times Company ("Defendant" or "The Times"), by and through its attorneys Proskauer Rose LLP and Gibson, Dunn and Crutcher LLP, answers the Complaint filed by Intervenor-Plaintiff Bryant Rousseau ("Intervenor-Plaintiff" or "Rousseau") on June 8, 2026 (Dkt. 25, the "Intervenor Complaint"), as follows:[1]

1.      The allegations in Paragraph 1 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 1 and refers the Court to the Supreme Court's decision in *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303 (2025) for a complete and accurate statement of the contents thereof.

2.      Defendant denies the allegations in Paragraph 2 of the Intervenor Complaint.

---

[1] Defendant denies and objects to Rousseau's request for "expedited treatment per 42 U.S.C. § 2000e-5(f)(5)" as stated in the caption of the Intervenor Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Intervenor Complaint and refers the Court to the February 2021 publication, "A Call to Action" (the "Call to Action"), and its Diversity and Inclusion reports for the contents thereof.

4. Defendant denies the allegations in Paragraph 4 of the Intervenor Complaint.

5. The allegations in Paragraph 5 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 5, including that Rousseau is entitled to any relief whatsoever.

**AS TO "PARTIES"**

6. The allegations in Paragraph 6 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 6 of the Intervenor Complaint, including that Plaintiff United States Equal Employment Opportunity Commission ("the Commission") is expressly authorized to bring this action against The Times, because the Commission failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to 42 U.S.C. § 2000e-5(f)(1), Title VII of the Civil Rights Act of 1964 ("Title VII") prior to the Commission's filing this action.

7. The allegations in Paragraph 7 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 7 of the Intervenor Complaint, but admits that Rousseau is a former employee of The Times and denies knowledge or information sufficient to form a belief as to the truth concerning whether Rousseau resides in New York.

8. Defendant denies the allegations in Paragraph 8 of the Intervenor Complaint except admits that it employs more than 5,000 employees.

**AS TO "JURISDICTION AND VENUE"**

9.	The allegations in Paragraph 9 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 9 except admits that Rousseau purports to bring this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3).

10.	The allegations in Paragraph 10 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 10 except admits that Rousseau purports to bring state law and city law claims pursuant to 28 U.S.C. § 1367.

11.	The allegations in Paragraph 11 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 11.

12.	The allegations in Paragraph 12 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 12 except admits that The Times is headquartered in New York, New York and Rousseau's allegations are alleged to have occurred in the Southern District of New York.

**AS TO "FACTUAL ALLEGATIONS"**

13.	Defendant denies the allegations in Paragraph 13 of the Intervenor Complaint.

14.	Defendant denies the allegations in Paragraph 14 of the Intervenor Complaint except admits that Rousseau was hired by The Times in 2014 and worked as a Senior Staff Editor on The Times's International Desk from 2016 until his voluntary resignation.

15. Defendant denies the allegations in Paragraph 15 of the Intervenor Complaint except admits that Rousseau was not selected for the Real Estate Deputy Editor role and that Monica Burton — who was the most qualified candidate — was selected for the role.

16. Defendant denies the allegations in Paragraph 16 of the Intervenor Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Intervenor Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Intervenor Complaint and refers the Court to the 2024 Year-End Reviews for Nikita Stewart ("Stewart") and Soraya Gunnell ("Gunnell") for the contents thereof.

19. Defendant denies the allegations in Paragraph 19 of the Intervenor Complaint and refers the Court to the October 2024 and January 2025 job descriptions for the Real Estate Deputy Editor role for the contents thereof.

20. Defendant denies the allegations in Paragraph 20 of the Intervenor Complaint, and denies knowledge or information sufficient to form a belief as to the truth concerning Rousseau's purported experience prior to his employment at The Times.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Intervenor Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Intervenor Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Intervenor Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Intervenor Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Intervenor Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Intervenor Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Intervenor Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth concerning Rousseau's purported experience prior to his employment at The Times and denies the remaining allegations in Paragraph 28 of the Intervenor Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Intervenor Complaint and refers the Court to Rousseau's performance reviews for the contents thereof.

30. Defendant denies the allegations in Paragraph 30 of the Intervenor Complaint, except admits that Rousseau applied for the Real Estate Deputy Editor position on January 9, 2025, emailed Stewart and Gunnell stating that he "officially applied," and Stewart responded the next day and scheduled an interview, and refers the Court to Rousseau's application and communications between Rousseau, Gunnell and/or Stewart for the contents thereof.

31. Defendant denies the allegations in Paragraph 31 of the Intervenor Complaint except admits that Stewart interviewed Rousseau on or about January 13, 2025.

32. Defendant denies the allegations in Paragraph 32 of the Intervenor Complaint except admits Gunnell interviewed Rousseau on or about February 10, 2025.

33. Defendant denies the allegations in Paragraph 33 of the Intervenor Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Intervenor Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Intervenor Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Intervenor Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Intervenor Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Intervenor Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Intervenor Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Intervenor Complaint, except admits that Defendant has published Diversity and Inclusion reports, and refers the Court to such reports for the contents thereof.

41. Defendant denies the allegations in Paragraph 41 of the Intervenor Complaint and refers the Court to The Times's 2017 Diversity and Inclusion report for the contents thereof.

42. Defendant denies the allegations in Paragraph 42 of the Intervenor Complaint and refers the Court to The Times's 2018 Diversity and Inclusion report for the contents thereof.

43. Defendant denies the allegations in Paragraph 43 of the Intervenor Complaint and refers the Court to The Times's 2019 Diversity and Inclusion report for the contents thereof.

44. Defendant denies the allegations in Paragraph 44 of the Intervenor Complaint and refers the Court to The Times's Call to Action for the contents thereof.

45. Defendant denies the allegations in Paragraph 45 of the Intervenor Complaint and refers the Court to The Times's Call to Action for the contents thereof.

46. Defendant denies the allegations in Paragraph 46 of the Intervenor Complaint and refers the Court to The Times's 2020 Diversity and Inclusion report for the contents thereof.

47. Defendant denies the allegations in Paragraph 47 of the Intervenor Complaint and refers the Court to The Times's 2021 Diversity and Inclusion report for the contents thereof.

48. Defendant denies the allegations in Paragraph 48 of the Intervenor Complaint and refers the Court to The Times's 2022 Diversity and Inclusion report for the contents thereof.

49. Defendant denies the allegations in Paragraph 49 of the Intervenor Complaint and refers the Court to The Times's 2023 Diversity and Inclusion report for the contents thereof.

50. Defendant denies the allegations in Paragraph 50 of the Intervenor Complaint and refers the Court to The Times's 2024 Diversity and Inclusion report for the contents thereof.

51. Defendant denies the allegations in Paragraph 51 of the Intervenor Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

53. Defendant denies the allegations in Paragraph 53 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

54. Defendant denies the allegations in Paragraph 54 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

55. Defendant denies the allegations in Paragraph 55 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

56. Defendant denies the allegations in Paragraph 56 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

57. Defendant denies the allegations in Paragraph 57 of the Intervenor Complaint and refers the Court to The Times's Diversity and Inclusion reports for the contents thereof.

58. Defendant denies the allegations in Paragraph 58 of the Intervenor Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Intervenor Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Intervenor Complaint and refers the Court to The Times's Call to Action and Diversity and Inclusion reports for the contents thereof.

61. Defendant denies the allegations in Paragraph 61 of the Intervenor Complaint.

**AS TO "CLAIMS FOR RELIEF"**
**AS TO "COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e-2 (Race)"**

62. Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 62 of the Intervenor Complaint.

63. The allegations in Paragraph 63 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 63 and avers that it did not violate Title VII or any law whatsoever.

64. The allegations in Paragraph 64 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 64, avers that it did not violate Title VII or any law whatsoever, and refers the Court to the cited cases for a complete and accurate statement of their contents.

65. Defendant denies the allegations in Paragraph 65 of the Intervenor Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Intervenor Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Intervenor Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Intervenor Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Intervenor Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Intervenor Complaint.

**AS TO "COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e-2 (Sex)"**

71. Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 71 of the Intervenor Complaint.

72.     The allegations in Paragraph 72 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 72 and avers that it did not violate Title VII or any law whatsoever.

73.     The allegations in Paragraph 73 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 73, avers that it did not violate Title VII or any law whatsoever, and refers the Court to the cited cases for a complete and accurate statement of their contents.

74.     Defendant denies the allegations in Paragraph 74 of the Intervenor Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Intervenor Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Intervenor Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Intervenor Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Intervenor Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Intervenor Complaint.

**AS TO "COUNT III**
**Violation of the Civil Rights Act of 1866**
**42 U.S.C. § 1981"**

80.     Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 80 of the Intervenor Complaint.

81.     The allegations in Paragraph 81 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 81 and avers that it did not violate 42 U.S.C. § 1981 or any law whatsoever.

82. The allegations in Paragraph 82 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 82, avers that it did not violate 42 U.S.C. § 1981 or any law whatsoever, and refers the Court to the cited cases for a complete and accurate statement of their contents.

83. The allegations in Paragraph 83 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 83, avers that it did not violate 42 U.S.C. § 1981 or any law whatsoever, and refers the Court to the cited cases for a complete and accurate statement of their contents.

84. Defendant denies the allegations in Paragraph 84 of the Intervenor Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Intervenor Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Intervenor Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Intervenor Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Intervenor Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Intervenor Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Intervenor Complaint.

**AS TO "COUNT IV**
**Violation of New York State Human Rights Law**
**N.Y. Exec. Law § 296 (Race)"**

91. Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 91 of the Intervenor Complaint.

92. The allegations in Paragraph 92 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant

admits the allegations in Paragraph 92 and avers that it did not violate the N.Y. Exec. Law §296(1)(a) or any law whatsoever.

93.     Defendant denies the allegations in Paragraph 93 of the Intervenor Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Intervenor Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Intervenor Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Intervenor Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Intervenor Complaint.

**AS TO "COUNT V
Violation of New York State Human Rights Law
N.Y. Exec. Law § 296 (Sex)"**

98.     Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 98 of the Intervenor Complaint.

99.     The allegations in Paragraph 99 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 99 and avers that it did not violate N.Y. Exec. Law § 296(1)(a) or any law whatsoever.

100.    Defendant denies the allegations in Paragraph 100 of the Intervenor Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Intervenor Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Intervenor Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Intervenor Complaint.

104.    Defendant denies the allegations in Paragraph 104 of the Intervenor Complaint.

**AS TO "COUNT VI**
**Violation of New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-107(1) (Race)"**

105.    Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 105 of the Intervenor Complaint.

106.    The allegations in Paragraph 106 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 106 and avers that it did not violate N.Y.C. Admin. Code § 8-107(1)(a)(2)-(3) or any law whatsoever.

107.    Defendant denies the allegations in Paragraph 107 of the Intervenor Complaint.

108.    Defendant denies the allegations in Paragraph 108 of the Intervenor Complaint.

109.    Defendant denies the allegations in Paragraph 109 of the Intervenor Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Intervenor Complaint.

111.    Defendant denies the allegations in Paragraph 111 of the Intervenor Complaint.

112.    Defendant denies the allegations in Paragraph 112 of the Intervenor Complaint.

**AS TO "COUNT VII**
**Violation of New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-107(1) (Sex)"**

113.    Defendant repeats and realleges each and every answer to the allegations set forth above as if set forth in full herein in response to Paragraph 113 of the Intervenor Complaint.

114.    The allegations in Paragraph 114 of the Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits the allegations in Paragraph 114 and avers that it did not violate N.Y.C. Admin. Code § 8-107(1)(a)(2)-(3) or any law whatsoever.

115.    Defendant denies the allegations in Paragraph 115 of the Intervenor Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Intervenor Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Intervenor Complaint.

118. Defendant denies the allegations in Paragraph 118 of the Intervenor Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Intervenor Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Intervenor Complaint.

## AS TO "PRAYER FOR RELIEF"

Paragraphs 121 A through F in the "PRAYER FOR RELIEF" section of the Intervenor Complaint contain Rousseau's prayer for relief, to which no response is required. To the extent a response may be required, Defendant denies that it violated any law, and further denies that Rousseau is entitled to any relief whatsoever.

## AS TO "DEMAND FOR JURY TRIAL"

Defendant denies that the trial of any issue to a jury is warranted. Defendant does not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

## AFFIRMATIVE DEFENSES

As separate Affirmative Defenses to the Intervenor Complaint and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Intervenor Complaint fails to state any cause of action. To the extent the Court deems that a cause of action has been stated (which it has not), the Intervenor Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted or for which the damages sought may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Defendant acted in good faith at all relevant times hereto and all of Defendant's actions were justified by legitimate non-discriminatory and non-pretextual reasons that have nothing to do with race or sex. Defendant had reasonable grounds to believe its actions at all times complied with all applicable laws and had no actual or constructive notice of any violation. Defendant has not acted in reckless disregard of the law and, accordingly, has not engaged in any willful violation of the law.

## THIRD AFFIRMATIVE DEFENSE

Even assuming, arguendo, that any alleged employment action experienced by Rousseau was motivated by improper reasons, which is expressly denied, Defendant would have made the same decision in any event for legitimate, non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

Intervenor-Plaintiff failed to, and continues to fail to, make reasonable and diligent efforts to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

The Intervenor Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Intervenor Complaint, Defendant acted in conformity with all applicable laws, rules and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

All decisions made by Defendant with respect to Rousseau, Rousseau's employment, and the Real Estate Deputy Editor position were made without malice, reckless indifference, wanton negligence, or willful or conscious disregard of Rousseau's rights.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times hereto, including prior to the alleged discriminatory acts referred to in the Intervenor Complaint, Defendant adopted, maintained, and communicated appropriate policies and made good faith efforts to comply with anti-discrimination laws. Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior, and Intervenor-Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant, including Defendant's internal complaint and arbitration process pursuant to the governing collective bargaining agreement, or to avoid harm otherwise. Some or all of Intervenor-Plaintiff's claims are barred because even if any unlawful discrimination occurred (which Defendant denies), such conduct was and is prohibited by Defendant's policies and was not committed or authorized by Defendant. Defendant never authorized, ratified, or participated in any discriminatory conduct regarding Rousseau.

## NINTH AFFIRMATIVE DEFENSE

The Intervenor Complaint is barred in whole or in part by the doctrines of estoppel, waiver or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Intervenor-Plaintiff's claims fail, in whole or in part, because Intervenor-Plaintiff was not treated differently than similarly situated employees.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

**TWELFTH AFFIRMATIVE DEFENSE**

Intervenor-Plaintiff is precluded from recovering the damages alleged in the Intervenor Complaint because those damages are too vague, uncertain and speculative to permit recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Intervenor-Plaintiff suffered damages as alleged, such alleged damages were caused or contributed to by Intervenor-Plaintiff's own actions or actions of others over whom Defendant exercised no control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Intervenor-Plaintiff is not entitled to the relief sought in the Intervenor Complaint to the extent said relief is not available under the applicable statutes, regulations, or other relevant provisions of law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any damages must be reduced by earnings, benefits, severance, unemployment compensation, or other amounts received.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any damages awarded under Title VII are subject to the statutory caps set forth in 42 U.S.C. § 1981a(b)(3).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This action filed by the Commission and intervened by Rousseau is barred because the Commission failed to exhaust all available administrative remedies and/or otherwise failed to

comply with the statutory prerequisites to the bringing of this action, pursuant to Title VII of the Civil Rights Act of 1964 prior to the Commission's filing this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Intervenor-Plaintiff's claims for relief may be limited by the after-acquired evidence doctrine.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such other affirmative defenses as may become known to it through discovery or investigation.

Defendant hereby gives notice that it will rely on all defenses lawfully available to it at the time of trial and intends to rely upon any other defenses that may become available or apparent during discovery in this matter.

**WHEREFORE**, Defendant prays for judgment as follows:

(1) Dismissing the Intervenor Complaint, and each claim therein, in its entirety with prejudice;

(2) Denying all of the relief prayed for in the Intervenor Complaint;

(3) Entering judgment against the Intervenor-Plaintiff and in favor of Defendant;

(4) Awarding Defendant its costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(5) Granting Defendant such other and further relief as the Court deems just and proper.

Dated: July 10, 2026

*/s/ Evandro C. Gigante*

PROSKAUER ROSE LLP
Evandro C. Gigante
Eleven Times Square
New York, New York 10036
(T) 212.969.3000
egigante@proskauer.com

PROSKAUER ROSE LLP
Atoyia S. Harris (pro hac vice admission
pending)
Poydras Center
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
(T) 504.310.2027
aharris@proskauer.com


GIBSON, DUNN, AND CRUTCHER LLP
Theodore J. Boutrous Jr.
Katie Townsend
333 South Grand Avenue
Los Angeles, California 90071
(T) 213.229.7000
tboutrous@gibsondunn.com
ktownsend@gibsondunn.com

Attorneys for Defendant
THE NEW YORK TIMES COMPANY