

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington, D.C. 20507

Office of
General Counsel

TO:           The Honorable Robyn Tarnofsky
              United States Magistrate Judge
              Southern District of New York

FROM:         Counsel for the EEOC

SUBJECT:      Letter Motion to Correct Order dated August 5, 2026 (ECF No. 46)
              *EEOC et al. v. The New York Times Company*, No. 1:26-cv-3704-GHW-RFT


Dear Judge Tarnofsky,

The EEOC respectfully moves this Court for an amendment of the Order dated today, August 5, 2026 (ECF No. 46), which "extend[s] nunc pro tunc" the EEOC's deadline to respond to the Times's counterclaims, because it in fact significantly shortens the Agency's time to respond under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 60(a) provides that "the [C]ourt may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The [C]ourt may do so on motion or on its own, with or without notice."

Unlike Rule 12(a)(1), which applies to private litigants, Federal Rule of Civil Procedure 12(a)(2) grants the United States and its agencies or officers sued in an official capacity 60 days to respond to a counterclaim following service on the United States Attorney. Fed. R. Civ. P. 12(a)(2); *see also GuideOne Specialty Mut. Ins. Co. v. Congregation Bais Yisroel*, 381 F. Supp. 2d 267, 281 (S.D.N.Y. 2005) (applying the Rule 12(a) deadline to the response to counterclaims). The docket reflects that the United States Attorney for the Southern District of New York was served on July 20, 2026. ECF No. 41. Therefore, the deadline for EEOC to respond under Rule 12(a)(2) is September 18, 2026.[1] Alternatively, construing the deadline to run from the July 10 date of Defendant's ECF filing, the EEOC has until September 8, 2026, to respond.[2] Because the

---

[1] EEOC filed its motion to strike by the separate deadline set by Rule 12(f), which expressly provides that a motion to strike may be filed by a party before it responds to a pleading or within 21 days of being served. Because these deadlines run separately under Rule 12, the EEOC's motion to strike should not be taken as its response to the counterclaims.

[2] This deadline is set forth in Defendant's Letter Motion. ECF No. 45, at 1 ("The EEOC also has made clear its intention to file a motion to dismiss The Times's counterclaims on or before September 8, 2026."). The EEOC anticipates filing in advance of September 8 and as such does not take issue with the September 8 deadline other than to simply note it is inconsistent with the plain language of Rule 12(a)(2), which makes clear that the time runs from "service on the United States attorney." Fed. R. Civ. P. 12(a)(2).



Order appears to change this deadline to the much earlier date of August 10, 2026, the EEOC respectfully requests an amendment of the Order reflecting the deadline under Rule 12(a)(2).

To be clear, the EEOC intends to move expeditiously to file its motion to dismiss and anticipates filing ahead of the deadline set by Rule 12 and ahead of the September 8 deadline proposed by Defendant. The EEOC will file its response to Defendant's Letter Motion (ECF No. 45) by August 7, 2026, deadline set in the Order. However, because the Order separately shortens the deadline set by Rule 12 to respond to the counterclaims, that portion of the Order should be amended by the Court to reflect the deadline set by Rule 12(a)(2) – September 18, 2026.

August 5, 2026                    Respectfully submitted,

/s/*Benjamin North*_____
BENJAMIN NORTH (*pro hac vice*)
Assistant General Counsel
CARL CHANG (*pro hac vice*)
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE
Washington, D.C., 20507
(202) 288-1622
Benjamin.north@eeoc.gov
Carl.chang@eeoc.gov

*Attorneys for Plaintiff United States Equal Employment Opportunity Commission*

Cc: All Counsel of Record (via CM-ECF)