

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C.  20507

Office of
General Counsel

August 6, 2026

**<u>VIA ECF</u>**
The Honorable Robyn F. Tarnofsky
U.S. District Court, Southern District of New York
500 Pearl Street, Room 910
New York, NY 10007

Re:    Opposition to letter-motion requesting extension to file opposition to motion to strike affirmative defenses, *U.S. Equal Employment Opportunity Commission v. The New York Times Company*, No. 26-cv-3704

Dear Judge Tarnofsky,

The United States Equal Employment Opportunity Commission ("EEOC") opposes the The New York Times Company's ("the Times's") letter-motion requesting an extension to respond to the EEOC's motion to strike affirmative defenses, ECF No. 45. The Times's deadline to respond to the EEOC's motion to strike is August 14, 2026. *See* L.R. 6.1(b). The Times's request to extend this deadline to September 22, 2026 would almost triple the typical response period. No good cause exists for such an extension.

The EEOC's motion to strike asks the Court to strike nine of the Times's affirmative defenses. The Times asserts that there is such a degree of "overlap between [its] counterclaims and the affirmative defenses that the EEOC seeks to strike" that its response should be delayed until after the EEOC has filed its forthcoming motion to dismiss. *See* ECF No. 42. However, only three of the nine challenged affirmative defenses overlap with its three counterclaims,[1] and the EEOC's argument to strike one of those three affirmative defenses would not apply to the Times's corresponding counterclaim.[2] Most of the EEOC's motion to strike thus necessarily involves distinct legal issues that will not be duplicated in its forthcoming motion to dismiss.

Similarly, the forthcoming motion to dismiss will likely assert several distinct arguments not reflected in the motion to strike because of the different legal standards and issues applicable to the motions. To the limited extent of an overlap between two of the affirmative defenses and similar counterclaims, the Times faces no significant burden in briefing the sufficiency of those defenses now so that the parties can more quickly clarify the scope of appropriate discovery. If the

---

[1] The Times's first counterclaim and its fifteenth affirmative defense both allege retaliation in violation of the First Amendment. Its second counterclaim and sixteenth affirmative defense both allege a Fifth Amendment due process violation. Its third counterclaim and eighteenth affirmative defense both allege that the EEOC took arbitrary and capricious action when it filed this lawsuit and allege that the EEOC relied on improper factors in reaching its decision to litigate. *See* ECF No. 28 at 21, 46-49.

[2] The EEOC argues that the "Fifteenth Affirmative Defense" is not, in fact, a proper "affirmative defense" as that term has been understood. ECF No. 43, p. 16-17.

Times wishes to reassert similar arguments in support of its counterclaims in the future, it will be free to do so.

Finally, the extension request does not account for the possibility that the EEOC may file its motion to dismiss well before the September 18, 2026 deadline. In that event, the requested extension would unnecessarily prolong the briefing period on both the motion to strike and motion to dismiss. For all of these reasons, the Times has shown no good cause for the requested extension and the Court should deny the pending letter-motion.

Respectfully submitted,

/s/*Benjamin North*
BENJAMIN NORTH (*pro hac vice*)
Assistant General Counsel
CARL CHANG (*pro hac vice*)
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE
Washington, D.C., 20507
(202) 288-1622
Benjamin.north@eeoc.gov
Carl.chang@eeoc.gov

*Attorneys for Plaintiff United States Equal Employment Opportunity Commission*

Cc: All Counsel of Record (via CM-ECF)