**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

           Plaintiff,

  -and-

BRYANT ROUSSEAU,

          Intervenor-Plaintiff,

  -against-

THE NEW YORK TIMES COMPANY,

          Defendant.

 

THE NEW YORK TIMES COMPANY,

          Counterclaim Plaintiff,

  -against-

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et. al.,

          Counterclaim Defendant.

26-CV-3704 (GHW) (RFT)

~~PROPOSED~~ CASE MANAGEMENT PLAN
AND REPORT OF RULE 26(f) CONFERENCE

I have reviewed the parties' Proposed Case Management Plan and Report of Rule 26(f) Conference. The parties' Case Management Plan is SO ORDERED, with minor modifications to ¶ 7. The August 14, 2026 Initial Case Management Conference is canceled.

Dated: August 10, 2026
     New York, NY

SO ORDERED

*Rowram*

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on **July 21, 2026** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1.    **Summary of Claims, Defenses, and Relevant Issues**

    <u>Plaintiff EEOC:</u>

Plaintiff EEOC filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or sex and to provide appropriate relief to the Charging Party, Bryant Rousseau. The New York Times Company ("NYT") failed

to promote Charging Party to the position of Deputy Real Estate Editor because of his race (white) and/or sex (male). Acting in pursuit of its publicly stated goal and action plan to increase minority and female representation in leadership positions, NYT discriminated against Rousseau when it hired a multiracial female who did not meet all the requirements in the posted job description and passed over Rousseau who did meet the requirements.

Defendant has filed counterclaims against the EEOC and its Commissioners in their official capacities. The EEOC will present its defenses thereto on or before the applicable deadline provided by the Federal Rules of Civil Procedure.

<u>Plaintiff-Intervenor Bryant Rousseau:</u>

Rousseau joins the EEOC's first paragraph above. He adds that he also brings claims under the Civil Rights Act of 1866, New York State Human Rights Law, and New York City Human Rights Law based mostly on the same allegations underlying his and the EEOC's claims under Title VII.

<u>Defendant New York Times:</u>

Defendant The New York Times ("The Times") denies Plaintiffs' discrimination and unfair employment practice claims and asserts that at all times, it acted in good faith and in conformity with all applicable laws, rules, regulations, and guidance. This case involves a single employment decision made by The Times in April 2025 to hire the most qualified candidate for the non-leadership role of Deputy Editor on The Times's Real Estate desk. Plaintiff-Intervenor Bryant Rousseau ("Rousseau") applied for a public posting of the Deputy Real Estate Editor role and was interviewed among many other applicants of differing races and sexes. The role was posted twice, as The Times was looking for specific qualities, namely experience with service journalism and innovative storytelling. Accordingly, The Times declined to advance numerous candidates with significant real estate journalism experience, including people of color of both sexes. Given these criteria, Rousseau was not the most qualified applicant for the job, and the most qualified candidate was selected.

Rousseau was not treated differently than similarly situated employees and The Times's actions were justified by legitimate, non-discriminatory, and non-pretextual reasons that have nothing to do with race or sex. All of the claims asserted by the Plaintiffs rest solely on the false premise that, because The Times had expressed an aspirational goal for its leadership and because the selected candidate is a multiracial woman, her selection must have been motivated by race and/or sex. Indeed, the U.S. Equal Employment Opportunity Commission ("EEOC") conducted an eight-month investigation—during which it collected more than a thousand pages of documents and interviewed no fewer than nine witnesses—and it was unable to identify any evidence that The Times considered the selected candidate's race or sex in filling the position. The mere assumption that the selected candidate could not have been the most qualified if there was a white male candidate is odious and insufficient to support liability under Title VII or otherwise. The claims against The Times are wholly without merit.

The Times also alleges that the EEOC failed to comply with its statutory obligations to conciliate in good faith prior to bringing this action, thus rendering this action improper and premature. The Times also counterclaims that the EEOC filed this lawsuit in retaliation for The Times's speech and reporting about

the administration and the EEOC.  Among other things, the EEOC filed its lawsuit the week after The Times reported on widespread criticism of the EEOC and its leadership from individuals inside and outside the agency, and that the Commission is under "intense pressure" to pursue "tenuous" claims of alleged discrimination that "fit the Trump administration's priorities." One of the EEOC's own Commissioners noted that this action was "filed on the heels of [The Times's] reporting on the weaponization of the agency" and that she "fear[ed]," this action was motivated "not by the merits, but by a desire to advance the administration's political agenda[,]" an agenda that includes punishing the press for speech the administration disfavors.  The Times has properly asserted affirmative defenses and counterclaims arising from, inter alia, the EEOC's failure to comply with its conciliation obligations and its misuse of its enforcement authority to target The Times for its protected speech and newsgathering activity in violation of the First and Fifth Amendments and the Administrative Procedure Act ("APA").

**2.      Basis of Subject Matter Jurisdiction**

Plaintiff EEOC:

Subject matter jurisdiction exists because Plaintiff EEOC's claims arise under federal question jurisdiction.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Plaintiff-Intervenor Bryant Rousseau:

Rousseau agrees with the EEOC and adds that the Court has subject-matter jurisdiction over his federal claims under 28 U.S.C. §1331 and §1343 and 42 U.S.C. §2000e-5(f) and has supplemental jurisdiction over his state- and city-law claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the federal claims.

Defendant New York Times:

With respect to The Times's counterclaims, this Court has subject matter jurisdiction under the Constitution of the United States and federal statutes, see 28 U.S.C. § 1331, and because the Defendants are a United States agency and United States officials, see 28 U.S.C. § 1346(a)(2). The Court is authorized to award the relief requested by The Times under 28 U.S.C. §§ 1651, 2201, and 2202, and pursuant to its inherent equitable powers.

**3.      Subjects on Which Discovery May Be Needed**

Plaintiff EEOC:

Plaintiff EEOC presently anticipates that discovery may be needed relating to Defendant's equal employment, anti-discrimination, Diversity Equity and Inclusion ("DEI"), and hiring/promotion policies; Defendant's hiring process for the Deputy Real Estate Editor position at issue and related personnel records and communications; Defendant's creation, implementation, and data-gathering related to DEI

goals for newsroom positions; and the factual bases for Defendant's denials of the allegations of Plaintiff's complaint or for Defendant's counterclaims. Plaintiff EEOC reserves the right to seek discovery on other relevant topics that may become apparent during this litigation.

<u>Plaintiff-Intervenor Bryant Rousseau:</u>

Rousseau agrees with the EEOC and adds that he may seek discovery on the elements of his additional claims that do not overlap with the Title VII claims.

<u>Defendant New York Times:</u>

Defendant The Times presently anticipates that discovery may be needed relating to: the facts and circumstances surrounding Rousseau's application for the Deputy Real Estate Editor role; the decision to not offer Rousseau the role; the other job offers that were extended to Rousseau within the relevant time frame and were declined; Rousseau's alleged damages, including his failure to mitigate and his medical, psychological and pharmaceutical records, as well as a Rule 35 medical examination; and facts sufficient to allege punitive, liquidated, or exemplary damages.

The Times anticipates that discovery may be needed with respect to the EEOC's investigation and conciliation of Rousseau's charge, including its transfer of the investigation to the Birmingham District Office and its decision to terminate conciliation; the EEOC's handling of analogous or similar charges; the EEOC's litigation and/or enforcement priorities, including litigation targets; its decision to file suit against The Times; and its external communications regarding those decisions, including with members of the administration and others, and its communications with Rousseau and/or his counsel.

The Times disagrees with the scope of discovery that the EEOC and Plaintiff-Intervenor plan to seek and reserves all rights to object to their requests.

4.   **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be **disclosed by Plaintiffs** on <u>August 21, 2026</u>. In addition, on <u>August 21, 2026</u>, Plaintiffs produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be **disclosed by Defendant** on <u>August 21, 2026</u>. In addition, on <u>August 21, 2026</u>, Defendant produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5.   **Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by <u>February 19, 2027</u>. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets

that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

<u>Plaintiff EEOC:</u>

The EEOC intends to move to stay discovery as to The Times's counterclaims and certain of its affirmative defenses while the EEOC's motion to strike certain affirmative defenses (ECF No. 42) and its anticipated motion to dismiss The Times's counterclaims are pending. This is because those issues are likely to be resolved by the pending motions and have no bearing on the underlying discrimination allegations, which are necessarily moving forward to discovery.

<u>Defendant New York Times:</u>

The Times will oppose the EEOC's motion for a one-sided stay of discovery and maintains that any stay should apply to all discovery.  Without prejudice to its position, The Times conditionally agrees to the above deadlines but notes that they will need to be revisited if the Court grants a stay of discovery.


**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a.  <u>Depositions</u>:  Depositions shall be completed by <u>February 5, 2027,</u> and limited to no more than <u>15</u> depositions per side. The parties reserve the right to revisit this number after exchanging initial disclosures and if additional information becomes available through the discovery process.

b.  <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>September 30, 2026</u>. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

<u>Defendant New York Times:</u>

The Times proposes September 30, 2026, or, alternatively, if later, two weeks after the Court rules on the anticipated motions to stay, strike, and/or dismiss

c.  <u>Requests for Admission</u>: Requests for admission must be served on or before <u>January 20, 2027</u>.

d.  <u>Requests for Production</u>: Initial requests for production were/will be exchanged on or before <u>September 30, 2026</u>. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

Defendant New York Times:

The Times proposes September 30, 2026 or, alternatively, if later, two weeks after the Court rules on the anticipated motions to stay, strike, and/or dismiss.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6. Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Plaintiff EEOC:

The EEOC anticipates major disputes over the scope of discovery on the constitutional affirmative defenses and counterclaims if those issues proceed to discovery. The EEOC also anticipates disputes over the Times's view of the relevant time period for discovery and whether the EEOC and Rousseau may obtain discovery into Defendant's race- and/or sex-based representation goals or action plans as relevant to the discrete hiring event at issue.

Plaintiff-Intervenor Bryant Rousseau:

Rousseau likewise anticipates disputes over The Times's view of the relevant time period for discovery and whether he and the EEOC may obtain discovery into Defendant's race- and/or sex-based representation goals or action plans as relevant to the discrete hiring event at issue. Rousseau also anticipates a dispute over The Times's apparent desire to seek in discovery his medical, psychological, or pharmaceutical records or to move to compel a Rule 35 medical examination. Rousseau would oppose any stay of discovery on the merits of Plaintiffs' claims. *See* 42 U.S.C. §2000e-5(f)(5)

Defendant New York Times:

The Times will oppose the EEOC's motion to strike any affirmative defenses and to dismiss its counterclaims. It is The Times's position that a stay of discovery, if any, should apply to all discovery. The Times has alleged numerous facts in support of its properly pled affirmative defenses and counterclaims and is entitled to seek discovery to further develop the factual record in support of those defenses and counterclaims. A partial, one-sided stay would be inefficient because the EEOC's and Rousseau's claims and Defendant's affirmative defenses and counterclaims significantly overlap. Moreover, the very purpose of The Times's counterclaims and certain of its affirmative defenses is to seek relief from the EEOC's unlawful actions in violation of the Constitution and the APA, including this improper enforcement action. It would be highly prejudicial to The Times to subject it to discovery in a matter, brought by the EEOC, that should never have been filed to begin with while simultaneously depriving The Times of its ability to further develop the record in support of its defenses and counterclaims. For these reasons, should the EEOC move to stay discovery until the resolution of the motions to dismiss and to strike, The Times will oppose the stay and request a complete stay of all discovery pending a resolution of the motion to strike and to dismiss.

The Times anticipates major disputes over the scope of discovery on the constitutional affirmative defenses and counterclaims if those issues proceed to discovery, and the scope and relevant time period for discovery on the EEOC and Rousseau's claims. For example, The Times anticipates a dispute over whether the EEOC and Rousseau may obtain discovery into Defendant's aspirational leadership goals or other diversity initiatives as relevant to the discrete hiring event at issue.

7.    **The parties shall file an update on the status of discovery on** [the following dates]:

~~November 16, 2026, and January 16, 2027.~~
the first business day of each month until the close of discovery.
Such update shall include: a summary of the parties' progress towards completion of discovery.

8.    **Amendments to Pleadings**

a.    Are there any amendments to pleadings anticipated? No

b.    Last date to amend the Complaint:  November 15, 2026.

9.    **Joinder of Parties**

c.    Are there other necessary parties that need to be joined? No

d.    Is joinder of other parties anticipated? No.

e.    Last date to join other parties: November 15, 2026.

10.    **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts.

Plaintiff EEOC & Plaintiff-Intervenor Bryant Rousseau:
At this time, the EEOC and Rousseau do not anticipate utilizing experts. The EEOC and Rousseau propose that if any experts will be utilized, the parties shall jointly notify the Court and propose any appropriate modifications to the discovery schedule no later than December 21, 2026.

Defendant New York Times:
At this time, The Times may utilize experts, but has not yet made a decision. The Times proposes that if any experts will be utilized, the parties shall jointly notify the Court and propose any appropriate modifications to the discovery schedule after the close of fact discovery. If the parties intend to take expert discovery, such discovery and the related scheduling for such discovery will occur after the Court issues a ruling on summary judgment.

**11.    Electronic Discovery and Preservation of Documents and Information**

f.    Have the parties discussed electronic discovery?_____Yes_____.

g.    Is there an electronic discovery protocol in place? If not, when do the parties except to have one in place? The Parties are presently working to establish a mutually agreeable ESI protocol and expect to have one in place shortly.

h.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? N/A

**12.    Anticipated Motions**

Plaintiff EEOC:

The EEOC has moved to strike certain of NYT's affirmative defenses (ECF No. 42) and will file a motion to dismiss the NYT's counterclaims. The EEOC will move to stay discovery on the counterclaims and affirmative defenses.

Plaintiff-Intervenor Bryant Rousseau:

Rousseau does not anticipate filing any motions at this time.

Defendant New York Times:

NYT will oppose the EEOC's motions to strike and to dismiss and for a one-sided stay of discovery and will seek a stay of all discovery in the alternative.

**13.    Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

**14.    Early Settlement or Resolution**

The parties are scheduled to participate in the Court's mediation program on September 2, 2026.

**15.    Trial**

a.    The EEOC and Rousseau anticipate that this case will be ready for trial by June 15, 2027. The Times anticipates that this case will be ready for trial by November 15, 2027.

b. The parties anticipate that the trial of this case will require 5 days.

c. The parties request a (jury)/bench (circle one) trial. The parties disagree on which claims should be tried by a jury.

d. The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 7th day of August, 2026.

<table>
<tr><td>

*/s/Benjamin North*
Counsel for Plaintiff EEOC
BENJAMIN NORTH
Assistant General Counsel (pro hac vice)
131 M Street, NE
Washington, D.C., 20002

</td><td>

*/s/ Evandro C. Gigante*
Counsel for Defendant
PROSKAUER ROSE LLP
Evandro C. Gigante
Eleven Times Square
New York, New York 10036
(T) 212.969.3000
egigante@proskauer.com

PROSKAUER ROSE LLP
Atoyia S. Harris (admitted *pro hac vice*)
Poydras Center
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
(T) 504.310.2027
aharris@proskauer.com

GIBSON, DUNN, AND CRUTCHER LLP
Theodore J. Boutrous Jr.
Katie Townsend
333 South Grand Avenue
Los Angeles, California 90071
(T) 213.229.7000
tboutrous@gibsondunn.com
ktownsend@gibsondunn.com

*Attorneys for Defendant*
*THE NEW YORK TIMES COMPANY*

</td></tr>
</table>

*/s/ Cameron T. Norris*
 Counsel for Plaintiff-Intervenor
Cameron T. Norris*
Daniel M. Vitagliano[†]
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
703-243-9423
cam@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

*Counsel for Bryant Rousseau*

* Admitted pro hac vice
[†] Supervised by principals of the firm
admitted to practice in VA