**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
General Counsel

September 25, 2026

**VIA ECF**
The Honorable Robyn F. Tarnofsky
U.S. District Court, Southern District of New York
500 Pearl Street, Room 910
New York, NY 10007

Re: Letter-motion requesting discovery conference and partial stay of discovery, *U.S. Equal Employment Opportunity Commission v. The New York Times Company*, No. 26-cv-3704

Dear Judge Tarnofsky,

The United States Equal Employment Opportunity Commission ("EEOC") respectfully submits this letter-motion to request a stay of discovery on Defendant's counterclaims and the affirmative defenses that are the subject of the EEOC's pending motion to strike (ECF No. 43) and motion to dismiss (ECF No. 54). As noted in the Parties' proposed case management order (ECF No. 51 at 5), the EEOC submits that discovery should not proceed on issues that have no bearing on the underlying discrimination allegations while its motions that would moot such discovery are pending. The parties have conferred in good faith regarding this issue, including on the morning of September 25, 2026, but have been unable to reach an agreement. Plaintiff-Intervenor Bryant Rousseau does not oppose the requested relief, but Defendant does. Therefore, the EEOC respectfully submits this letter-motion and requests a conference regarding the requested stay pursuant to L.R. 37.2 and Section III.B of the Court's Individual Practices.

As explained below, good cause exists to stay discovery related to the counterclaims and related affirmative defenses at issue in the EEOC's pending motions. The pending motions address Defendant's counterclaims and affirmative defenses premised upon alleged conduct by the EEOC. Because those counterclaims and affirmative defenses are premised on the EEOC's alleged conduct, any discovery related to them would necessarily be separate and unrelated to Defendant's alleged discrimination against Plaintiff-Intervenor Bryant Rousseau. Therefore, the requested stay would not prejudice Plaintiff-Intervenor Rousseau's pursuit of his claim or Defendant's interest in the prompt resolution of the EEOC's claims against it. At the same time, the requested stay would conserve judicial and party resources by reserving foreseeable disputes, explained below, about the proper scope of discovery on Defendant's counterclaims and affirmative defenses until disposition of the pending motions resolves which, if any, will remain in this case. *Cf.* Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 26(c) permits a court to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). A court determining whether to grant a stay of discovery pending

a motion should consider (1) the strength of the motion, (2) the breadth and burden of responding to discovery absent the stay, and (3) any prejudice that would result to a party opposing the stay. *Richardson v. City of New York*, No. 21-CV-5080-PAE-KHP, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022). Each of these factors favors staying discovery on Defendant's counterclaims and the affirmative defenses at issue in the EEOC's pending motions.

I. <u>The EEOC's pending motions raise strong arguments against Defendant's counterclaims and affirmative defenses, which favors a stay.</u>

The strength of the arguments the EEOC has raised in favor of dismissing or striking Defendant's counterclaims and the related affirmative defenses weighs heavily in favor of the requested stay. This factor does not require the Court to "predict the outcome of the motion[s]," particularly where, as here, "the motion[s are] not yet fully briefed." *Id.* at *2.[1] Instead, this factor weighs in favor of a stay whenever, as is the case here, the briefing demonstrates that "the motion is not unfounded in the law." *Butler v. Fid. Mgmt. & Rsch. Co. LLC*, No. 25-CV-09337 RA-RFT, 2026 WL 1453602, at *1 (S.D.N.Y. May 22, 2026) (cleaned up).

To summarize the substantial legal arguments the EEOC has asserted for dismissing the counterclaims and striking the affirmative defenses at issue, the EEOC submits that:

- Defendant lacks standing to pursue the purely equitable relief it has requested (ECF No. 54 at 4-6);
- Defendant's "official-capacity" counterclaims are due for dismissal because they are duplicative (*id.* at 6-7);
- Defendant's counterclaims should be dismissed under the mirror image rule because they seek no relief beyond what Defendant would get if the EEOC's claims fail (*id.* at 7-12);
- Defendant's First Amendment retaliation counterclaim failed to allege any of the necessary elements (*id.* at 13-19);
- Defendant fails to allege any protected due process interest (*id.* at 19-20).
- Title VII's plain language forecloses Defendant's Fifth Amendment "fair notice" counterclaim (*id.* at 19-23);
- Defendant's APA counterclaim fails because the EEOC's decision to file an enforcement action is committed to the agency's discretion (*id.* at 24-25);
- Defendant's Second Affirmative Defense fails because it does not satisfy Federal Rule of Civil Procedure 9(c)'s heightened particularity requirement for challenges

[1] The EEOC notes, however, the motions will be fully briefed one week from the date of filing this letter-motion.

to the satisfaction of conditions precedent to suit and because the Commission satisfied all statutory prerequisites prior to filing this action (ECF No. 43 at 8-9);

- Defendant's Third Affirmative Defense is foreclosed by the Supreme Court's decision in *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480 (2015) (ECF No. 43 at 10-12);

- Defendant's Eighth Affirmative Defense is devoid of factual support or specificity, and the equitable theories it states are either unavailable in this action or duplicative of other defenses (*id.* at 12-14);

- Defendant's Thirteenth Affirmative Defense fails to identify protected speech that would provide any defense to Defendant's alleged consideration of race and/or sex in the employment decision at issue (*id.* at 14-15);

- Defendant's Fourteenth Affirmative Defense should be stricken because Defendant's selective enforcement theory is not a cognizable affirmative defense to Defendant's alleged consideration of race and/or sex in the employment decision at issue (*id.* at 15-16);

- Defendant's Fifteenth Affirmative Defense should be stricken because Defendant's First Amendment retaliation theory would not provide any defense to Defendant's alleged consideration of race and/or sex in the employment decision at issue (*id.* at 15-16);

- Defendant's Sixteenth Affirmative Defense is infirm because no employer can credibly claim to lack fair notice that federal law prohibits discriminating against an applicant because of his race or sex (*id.* at 17); and

- Defendant's Seventeenth and Eighteenth Affirmative Defenses should be stricken because the Commission's complaint or decision to file it are not subject to review under the APA (*id.* at 18-19).

Because the EEOC's arguments are well-supported and, if successful, would significantly narrow discovery by disposing of Defendant's counterclaims and several of its affirmative defenses, while still leaving the Parties free to take discovery on whether Rousseau was subject to discrimination, this factor weighs in favor of the requested stay. *See Butler*, 2026 WL 1453602, at *1.

II. <u>Discovery on Defendant's counterclaims and the affirmative defenses at issue will be broad and burdensome.</u>

Though Defendant has not yet served discovery on its counterclaims and the affirmative defenses the EEOC has moved to strike, Defendant's filings make clear that discovery on them would be broad. *See Butler*, 2026 WL 1453602, at *1 (S.D.N.Y. May 22, 2026) (assessing the

scope of discovery through filings of record where discovery had not yet been served). Indeed, in its portion of the parties' proposed case management plan, Defendant expressed its intention to seek sweeping discovery into "the EEOC's investigation and conciliation of Rousseau's charge, including its transfer of the investigation to the Birmingham District Office and its decision to terminate conciliation; the EEOC's handling of analogous or similar charges; the EEOC's litigation and/or enforcement priorities, including litigation targets; its decision to file suit against The Times; and its external communications regarding those decisions, including with members of the administration and others, and its communications with Rousseau and/or his counsel." ECF No. 51 at 4. All such discovery would be collateral to the question of whether Defendant discriminated against Plaintiff-Intervenor Rousseau. The EEOC would strongly oppose such discovery, and resolving the foreseeable discovery disputes would involve litigation of complex statutory and privilege issues, including complex governmental deliberative process privilege and statutory Title VII confidentiality issues. The burdens to the court and parties of litigating such disputes may be avoided entirely or in part if the EEOC prevails on its pending motions. For that reason, this factor weighs strongly in favor of the requested stay.

III. Defendant is not prejudiced by a partial stay.

Finally, Defendant is not prejudiced by this partial stay, especially considering that the briefing on the EEOC's motions is nearly complete. *See Cohen v. Saraya USA, Inc.*, No. 23-CV-08079(NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024); *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 275 (E.D.N.Y. Jan. 24, 2024) (finding no prejudice where briefing on the motion to dismiss "will be complete in two months"), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (granting motion to stay where "briefing on Ema's motions to dismiss and for summary judgment is complete" and where discovery cutoff was set for only one month after the order staying discovery was issued). Indeed, a stay of discovery allows the Parties to "avoid substantial burden and waste of precious resources by staying discovery [on extraneous issues not relevant to the underlying Title VII dispute] until the motion to dismiss has been decided." *Cohen*, 2024 WL 198405, at *3.

For all of the above reasons, all factors weigh in favor of EEOC's request for a partial stay of discovery. The EEOC is prepared to discuss the above with the Court at a pre-motion conference or to submit formal briefing on the issue, whichever the Court prefers.

September 25, 2026

Respectfully submitted,

/s/*Benjamin North*
BENJAMIN NORTH (*pro hac vice*)
Assistant General Counsel
/s/*Carl Chang*
CARL CHANG (*pro hac vice*)
Trial Attorney

U.S. EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION
131 M Street NE
Washington, D.C., 20507
(202) 288-1622
Benjamin.north@eeoc.gov
Carl.chang@eeoc.gov

*Attorneys for Plaintiff United States Equal Employment Opportunity Commission*

Cc: All Counsel of Record (via CM-ECF)