UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

-against-

THE NEW YORK TIMES COMPANY,

Defendant.

26-CV-03704 (GHW) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is the EEOC's motion to stay discovery relating to Defendant's counterclaims and affirmative defenses. (ECF 62.) Plaintiff-Intervenor does not oppose the motion, but Defendant does oppose; Defendant takes the position that all discovery should proceed, but that if the Court is inclined to stay discovery relating to Defendant's counterclaims and affirmative defenses, the Court should also stay discovery relating to Plaintiff's claims. (*See* ECF 63, Letter-Resp. in Opp. ("Def.'s Opp.") at 1, 5.) After reviewing the operative complaints (ECF 1, 25), the answers (ECF 28, 33), the filings in support of the motions to dismiss and strike (ECF 42, 43, 44, 53, 54,) the opposition to the motions to dismiss and strike (ECF 61), the reply in further support of the motions to dismiss and strike (ECF 70), the motion for a stay of discovery (ECF 62), Defendant's opposition to the motion to stay discovery (ECF 63), Plaintiff-Intervenor's response to Defendant's opposition (ECF 64), and Defendant's sur-reply in further opposition (ECF 72), I conclude that Plaintiff has met its burden of showing that there is good cause for the partial stay.

**I.**

**BACKGROUND**

The EEOC filed suit on May 5, 2026 against The New York Times Company, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by failing to promote an employee due to his race (white) and sex (male). (*See generally* ECF 1, Compl.) On May 15, 2025, the affected employee moved to intervene (ECF 14), which motion was granted (ECF 22), and Plaintiff-Intervenor filed his complaint on June 8, 2026, raising discrimination claims under federal, state, and local law (ECF 25). Defendant answered the Complaint on July 10, 2026, raising 18 affirmative defenses and interposing counterclaims against the EEOC for violation of the First Amendment and the Due Process Clause of the Fifth Amendment, and for engaging in arbitrary and capricious action in violation of the Administrative Procedure Act ("APA"). (*See generally* ECF 28, Answer to EEOC Compl.) On the same day, Defendant answered the Intervenor-Complaint, raising 18 affirmative defenses. (*See generally* ECF 33, Answer to Intervenor-Compl.) On August 10, 2026, I entered a case management plan (ECF 52).

On July 31, 2026, the EEOC moved to strike Defendant's affirmative defenses. (*See generally* ECF 42, 43, 44.) On August 28, 2026, the EEOC moved to dismiss Defendant's counterclaims. (*See generally* ECF 53, 54.) On September 18, 2026, Defendant filed its opposition to the motions to dismiss the counterclaims and strike the affirmative defenses (ECF 61), and on October 2, 2026, the EEOC filed its reply in further support of its motions to dismiss Defendant's counterclaims and to strike Defendant's affirmative defenses (ECF 70).

On September 25, 2026, Plaintiff filed its motion to stay discovery concerning Defendant's counterclaims and affirmative defenses. (ECF 62.) Defendant filed an opposition on September 30, 2026 (ECF 63), and Plaintiff-Intervenor filed a response to Defendant's opposition on October 1, 2026 (ECF 64). Plaintiff filed a reply on October 1, 2026 (ECF 65). On October 2, 2026, Defendant, with leave of Court, filed a sur-reply in further opposition to the motion to stay (ECF 72).

## II.

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c).[1] When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025).

For partial stays, courts apply the same framework but also consider whether the claims subject to the stay "arise out of the same set of operative facts" as the claims on which

[1] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

discovery will proceed and whether "the nature of [the] discovery [that would be taken on the counterclaims] will be fundamentally different from the discovery that Plaintiff would take on the complaint." *Cambridge Cap. LLC v. Ruby Has LLC,* No. 20-CV-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021). "[T]he scope of discovery [is not] enlarged substantially, if at all" where "discovery [in relation to the complaint] overlaps substantially with the discovery needed in connection with the counterclaims." *Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2021 WL 2887702, at *3 (S.D.N.Y. July 9, 2021).

## III.

## ANALYSIS

### A. The Strength of the Arguments Supporting Plaintiff's Motions

Plaintiff argues that the strength of its arguments in favor of dismissing Defendant's counterclaims and striking Plaintiff's affirmative defenses support granting a stay of discovery relating to the counterclaims and affirmative defenses. (*See* ECF 62, Letter-Mot. To Stay ("Mot.") at 2-3.) Plaintiff goes on to say that if its motions to dismiss and strike are granted, the scope of appropriate discovery will be narrowed significantly, because much of the evidence supporting Defendant's unchallenged affirmative defenses is within Defendant's custody and control. (*See id.* at 3; ECF 65, Pl.'s Reply at 2.)

Defendant counters that "discovery relevant to those affirmative defenses and counterclaims will substantially overlap with discovery relevant to the EEOC's and Intervenor Plaintiff's claims and The Times's other defenses," asserting that "evidence concerning, for instance, the weaknesses in the EEOC's case, its reasons for initiating (and continuing for eight months) its investigation of the charge, its finding of reasonable cause, its decision to initiate a

lawsuit rather than issue a right-to-sue letter, and any internal objections to doing so, is all relevant and would be discoverable even in the highly unlikely event that none of The Times's affirmative defenses or counterclaims subject to the EEOC's motions to strike or dismiss survive." (ECF 63, Def.'s Opp. at 3; *see also* ECF 72, Letter-Response in Further Opp. ("Def.'s Sur-Reply") at 2.) Defendant concludes that it would be inefficient to stay discovery concerning its affirmative defenses and counterclaims. (*See* ECF 63, Def.'s Opp. at 3-4.)

Plaintiff has the better of this argument. The strength of the underlying motions to strike and dismiss counsels in favor of granting a stay, because the motions are "not unfounded in the law." *See* ECF 62, Mot. at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motions. However, Plaintiff's memoranda of law in support of the motions provide substantial arguments for dismissal of several, if not all, of the counterclaims and in support of striking certain of the affirmative defenses. Those arguments are supported by case law, and so I cannot conclude that Plaintiff's motions are unfounded in the law. It may be the case that some or all the counterclaims will survive the motion to dismiss and that some or all of the challenged affirmative defenses will survive the motion to strike. But "in resolving a motion to stay discovery, the Court's focus is on whether the party seeking the stay makes "a strong showing that the [challenged] claim[s are] unmeritorious and present[s] substantial arguments for dismissal . . . not whether the arguments will ultimately be successful." *Psychic Readers Network,* 2025 WL 1380956, at *2.

Because the resolution of the pending motions to strike affirmative defenses and dismiss counterclaims will undoubtedly have a substantial impact on the appropriate scope of

discovery, permitting discovery into Defendant's affirmative counterclaims to proceed before those pending motions are resolved will lead to disputes, piecemeal document production, and other avoidable inefficiencies. This factor favors granting the requested partial stay. *See Richardson,* 2022 WL 2003340, at *2.

**B. The Breadth of the Discovery Sought**

Plaintiff argues that although Defendant has not yet served discovery requests in connection with the counterclaims and affirmative defenses, Defendant's filings suggest that it will "seek sweeping discovery" into the investigation of Plaintiff-Intervenor's charge, Plaintiff's handling of similar charges, and the decision to sue Defendant. (ECF 62, Mot. at 3-4.) Plaintiff predicts that there would be discovery disputes requiring resolution of complex privilege issues, which would burden the Court and the parties. (*See id.* at 4.) Defendant responds that the discovery it seeks is reasonable and proportional to the needs of the case. (*See* ECF 63, Def.'s Opp. at 5.)

I am not persuaded that the discovery sought by Defendant concerning its counterclaims and affirmative defenses would be overbroad. Accordingly, this factor does not favor granting the requested partial stay.

**C. The Prejudice to Defendant**

Plaintiff contends that there would be no prejudice to Defendant, because completing the briefing on the motions to dismiss and strike was imminent when Plaintiff moved to stay and has since been completed. (*See* ECF 62, Mot. at 4.)

Defendant replies that the requested stay would permit Plaintiff "to proceed with discovery as to its claims while unfairly preventing The Times from proceeding with discovery

on its counterclaims and the majority of its affirmative defenses." (ECF 63, Def.'s Opp. at 4.) Defendant asserts that the resulting prejudice "is particularly acute given the nature of the counterclaims and affirmative defenses at issue," in that Defendant is "suffering ongoing, concrete harm, including First Amendment harm," meaning that a stay of discovery into Defendant's counterclaims and affirmative defenses will delay Defendant's ability to defend itself. (*Id.* at 4-5.)

The motions to strike Defendant's affirmative defenses and dismiss Defendant's counterclaims are fully briefed, and so there is no basis to conclude that resolution of those motions will result in undue delay and prejudice. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (finding no prejudice particularly where "briefing on [the pending] motions to dismiss and for summary judgment is complete."); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting a stay where the commencement of discovery would only be delayed for "a few months," resulting in no prejudice). Accordingly, this factor supports granting the requested stay.

***

The strength of the arguments supporting the pending motions to strike and dismiss – particularly in light of the impact on the scope of discovery of the resolution of those motions – and the lack of undue prejudice to Defendant from a partial stay, counsel in favor of granting the requested partial stay. While the anticipated scope of discovery into Defendant's affirmative defenses and counterclaims is not overly broad, which weighs against granting a partial stay, on balance, the relevant factors support granting the requested stay.

By contrast, the balance of the relevant factors weighs against staying discovery into the claims of Plaintiff and Plaintiff-Intervenor. There is no pending motion to dismiss, and there is no indication that the discovery into those claims will be overly broad. While the prejudice to Plaintiff and Plaintiff-Intervenor of a brief stay would not be significant, there is no basis to subject them to even that limited prejudice when the other factors do not support granting a stay.

**CONCLUSION**

For the foregoing reasons, Plaintiff's request for a partial stay of discovery, covering discovery into the challenged affirmative defenses and counterclaims (ECF 62), is GRANTED.

The Clerk of Court is respectfully requested to terminate ECF 62,

Dated: October 26, 2026
New York, NY

**So Ordered**.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**