UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>- and –<br><br>BRYANT ROUSSEAU,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>Defendant. | Civil Action No. 26-CV-03704<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

WHEREAS, Plaintiff-Counterclaim Defendant Equal Employment Opportunity Commission, Intervenor-Plaintiff Bryant Rousseau, and Defendant-Counterclaim Plaintiff The New York Times Company (the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Counsel for any party may designate deposition exhibits or portions of deposition transcripts as Confidential Information either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the designating party receives a copy of the relevant deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or that person's counsel. During the 60-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. However, the EEOC may use any information designated confidential in furtherance of its enforcement activities in any other matter in which the party designating such information as confidential has been named as a party, but must treat such information as confidential until such time as the confidential treatment expires under this Order or is withdrawn either by agreement of the parties or by court order. Furthermore, nothing in this Order shall be construed to restrict the EEOC from disclosing information where disclosure is required by federal law. The EEOC may disclose Confidential Information to any person or entity to whom disclosure is required by federal law, including pursuant to lawful judicial process, congressional request or subpoena, or other legal obligation. Nothing in this Order shall predetermine whether any information is exempt from disclosure under the Freedom of Information Act ("FOIA"). If a Party is served with a subpoena or court order issued in other

litigation that compels disclosure of information designated Confidential under this Order, that Party shall, to the extent legally permitted: (a) promptly notify the Designating Party in writing and provide a copy of the subpoena or court order; and (b) notify the party that obtained the subpoena or order that the information is subject to this Order. The Designating Party shall bear the burden and expense of seeking any protective relief. Nothing in this provision shall require the receiving Party to initiate or participate in proceedings seeking such relief, delay compliance with lawful process absent a court order, or incur expenses on behalf of the Designating Party. Nothing in this provision shall restrict the EEOC's authority to make disclosures required or authorized by federal law, including under FOIA or in furtherance of its statutory enforcement responsibilities.

4. In the event a party challenges another party’s designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the designating party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as “CONFIDENTIAL” shall not be disclosed to any person, except:

a. The Parties to this action and their counsel, including in-house counsel, and insurers;

b. Employees of such counsel or EEOC staff assigned to and necessary to assist in the litigation;

c. Litigation-support vendors who are engaged by the Parties or their counsel during the litigation of this action;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

f. Stenographers or videographers engaged to transcribe and/or record depositions the Parties conduct in this action; and

g. any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Confidential Information to any person not listed in paragraph 5 above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or

information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Parties further agree that, if any Party discovers that protected documents or communications have been produced, that Party shall within 30 days notify all other Parties, identify the protected materials by Bates number or other production identifier, and the Receiving Party pause any further review, use, or disclosure of the materials. The producing Party shall within 14 days review the identified protected documents or communications and determine whether to seek a return of the materials. If the Producing Party needs additional time, it shall notify the Receiving Party in writing before the 14-day period expires, stating the additional time needed, which shall not exceed 30 additional days absent agreement of the Parties or order of the Court. Upon receipt of a request to return the produced materials, each Receiving Party shall immediately cease any review, use, or disclosure

of the identified materials. A Receiving Party may then contest the Producing Party's privilege assertion within 7 days. Upon resolution of any such dispute regarding the privilege assertion, or if no such dispute is made, the Receiving Party shall promptly return and delete, destroy, or sequester all copies of the protected documents or communications, including any extracts, summaries, notes, duplicates, and associated metadata. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, subject to the EEOC's obligations under the Federal Records Act or other applicable federal law or regulations, 44 U.S.C. § 3314, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12. To protect ESI designated as confidential produced in this litigation, the following applies to any use of such ESI with generative artificial intelligence ("GenAI"):

a. The receiving party may use GenAI to process, review, analyze, or otherwise assist with the use of confidential ESI, subject to the restrictions on use of Confidential Information in this Order.

b. The receiving party may use GenAI only through systems that: (i) are subject to contractual confidentiality and data-use protections prohibiting the provider from using confidential ESI to train, retrain, or improve its models or disclosing such ESI to unauthorized third parties, except as reasonably necessary to provide the service and subject to appropriate confidentiality obligations; and (ii) implement commercially reasonable security measures. Use of GenAI tools that do not satisfy these requirements is prohibited.

c. The receiving party shall promptly notify the disclosing party of any confirmed unauthorized access to or disclosure of confidential ESI involving GenAI and shall take commercially reasonable steps to mitigate and remediate the incident.

d. The retention and disposition of confidential ESI submitted to GenAI systems shall be governed by this Order.

13. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: November 24, 2026

*/s/Carl Chang*
Counsel for Plaintiff

*/s/Evandro Gigante*
Counsel for Defendant

*/s/Dan Vitagliano*
Counsel for Intervenor-Plaintiff

The Clerk of Court is respectfully requested to terminate ECF 75.

Dated: November 25, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>- and –<br><br>BRYANT ROUSSEAU,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>Defendant. | 26 Civ. 03704<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________, 20__

______________________________ ______________________________

Name (printed) Signature

Signed in the presence of:

______________________________

(Attorney)